On Application for Rehearing.
En Banc.
PER CURIAM.
The defendant-appellee (“Ocean”) contends, inter alia, that our original majority opinion erroneously overruled the defendant’s exception to the plaintiff’s cause of action against Ocean in Ocean’s capacity as insurer of the Avoyelles Parish Police Jury. We did not intend to do so. We specifically noted that plaintiff had abandoned any claim based upon this alleged cause of action, conceding that an exclusionary clause in Ocean’s policy is applicable
We intended by our original opinion only to overrule Ocean’s exception to the cause of action against it based upon its alleged independent negligence in failing to properly perform any duty it had to inspect the Police Jury’s boiler which exploded. We did not intend to imply that Ocean was under any independent duty to maintain or repair the boiler.
Our decision was limited merely to the holding that the plaintiff’s allegations that Ocean’s failure to perform properly its statutory duty of inspecting the boiler and discovering defects which might cause injury to others had stated a cause of action against Ocean. When a statutory duty exists to prevent foreseeable harm to others, and the failure to perform properly this duty is a substantial factor in producing the injury which the statutory duty is intended to prevent, then the person who breaches the statutory duty may be liable to the injured person, with the breach being a proximate cause of the injuries for which suit is brought. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298.
We deny the defendant-appellee’s application for rehearing for the reasons assigned in our original majority opinion.
HOOD, J., is of the opinion that a rehearing should be granted.